Mr. Justice CLIFFORD:
I respectfully dissent from so much of the opinion of the court as affirms that a proper legal, foundation was laid at the trial for the introduction of parol evidence to establish the existence and authenticity of the Alvarado grant. When a concession of land is made by the Government to an individual’ under Mexican laws, as in this case, a duplicate copy of the title-paper is required in alb cases to be filed in the proper tribunal for registry; and unless that is done, it is difficult to see how a legal registry can be made. That duplicate copy is in the nature of an original paper, and, after registry, becomes the foundation of all the subsequent proceedings of the Government to perfect the grant in the donee. It was the.duty of the purchaser in this case, in the absence of any original grant, to produce that duplicate copy, if in existence; and if not, then to account for its loss. According to the draught presented as a copy, proved by parol evidence, the grant was made subject to the approval of the supreme Government and of the Departmental Assembly. It has never been decided that a grant issued by a subordinate officer, subject to the approval of the supreme Government, was valid without such approval; and, in my judgment, the doctrine cannot be maintained without subverting the essential principles on which every well-regulated Government rests. That grant was never approved, either by the supreme Government or the Departmental Assembly. Under the circumstances disclosed in the record, I *184 cannot concur that it is the duty of the. United States, under the treaty, to disturb the possession of the settlers, while it appears that there is better evidence to establish the right of the donee, if any he had, to the land described in his concession. On the proofs exhibited, I am of the opinion that the decree of the District Court should be wholly reversed.